**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALTAIR ENGINEERING, Inc.

    Plaintiff,                       Case No. _____

    vs.                               Hon. _____

SEESMART LED, Inc.
    Defendant.
_____/

    Thomas N. Young  (P22656)
    Christopher G. Darrow (P67196)
    Young Basile Hanlon & MacFarlane P.C.
    3001 W. Big Beaver Rd., Ste. 624
    Troy, MI 48084-3107
    (248) 649-3333

    Attorneys for Plaintiff
    Altair Engineering, Inc.

_____/

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

    Plaintiff Altair Engineering, Inc. submits this Complaint for Patent Infringement and Jury Demand against Seesmart LED, Inc.

### PARTIES

    1.     Altair Engineering, Inc. is a Michigan corporation with a place of business at 1820 E. Big Beaver Rd., Troy, Michigan 48083, within this judicial district.

2.	Plaintiff, Altair Engineering, Inc. is the owner by assignment of United States Patent Nos. 7,049,761 ('761 patent) and 7,510,299 ('299 patent) pertaining to LED based light tubes for providing lighting to, for example, offices, homes, and businesses. An accurate copy of the '761 patent is attached as Exhibit A. An accurate copy of the '299 patent is attached as Exhibit B.

3.	Defendant Seesmart LED, Inc., based on information and belief, is a Delaware corporation having a place of business at 4139 Guardian Street, Simi Valley, California 93063, and is in the business of *inter alia* importing and/or manufacturing, and selling LED based replacement light tubes for fluorescent type light fixtures.

## JURISDICTION AND VENUE

4.	This action arises under the patent laws of the United States, more specifically 35 U.S.C. § 271 *et seq*.

5.	Subject matter jurisdiction in this Court is conferred by 28 U.S.C. § 1338(a). Venue is proper under 28 U.S.C. § 1391(b) and (c) as Defendant has through the internet (e.g., www.seesmartled.com) and otherwise offered for sale and sold products accused of infringing the '761 and '299 patents in this judicial district and throughout the country.

## COUNT FOR PATENT INFRINGEMENT

5.	Plaintiff incorporates the above allegations as if fully set forth herein.

6.	The '761 and '299 patents were duly and legally issued to Altair Engineering, Inc. as the assignee of inventors Jos Timmermans, Jean C. Raymond and John Ivey. Altair

2

Engineering, Inc. has the right to sue for and recover damages for infringement of the '761 and '299 patents.

7. Defendant has offered for sale LED based light tubes which infringe one or more of the claims of the '761 and '299 patents. Such products incorporate each and every limitation of at least some of the claims of each of the aforementioned '761 and '299 patents and, therefore infringe said patents for the reason that Defendant's actions in making, offering for sale and selling such products are without right and authority of Plaintiff.

8. Based on information and belief, Defendant has willfully infringed the '761 and '299 patents by continuing to make, offer for sale, and sell its LED based fluorescent tube replacement lights after being notified of its infringement of the '761 and '299 patents.

9. Altair Engineering, Inc. has been and will continue to be damaged by Defendant's activities as aforesaid in an amount which can only be determined through an accounting; Plaintiff is without an adequate remedy at law to prevent infringement.

## PRAYER FOR RELIEF

Wherefore, Altair Engineering, Inc. prays for the following relief:

A. A preliminary and permanent injunction against continued infringement of the '761 and '299 patents by Defendant and all persons in privity therewith;

B. An accounting for and award of damages resulting from Defendant's sale, manufacture, and offer for sale of infringing products in the United States;

C. If appropriate, an award of treble damages against the Defendant pursuant to 35 U.S.C. § 284 on account of Defendant's willful infringement of the '761 and '299 patents;

    D.      An assessment of interest on the damages so computed;

    E.      An award of Plaintiff's costs, expenses and attorney fees in the action; and

    F.      Such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Altair Engineering, Inc. demands trial by jury as to all issues triable by jury in this case as a matter of right.

Respectfully Submitted,

 /s/Christopher G. Darrow
Thomas N. Young (P22656)
Christopher G. Darrow (P67196)
Young Basile Hanlon & MacFarlane P.C.
3001 W. Big Beaver Rd.
Suite 624
Troy, MI 48084
248.649.3333

Dated: January 19, 2010            *Attorneys for Plaintiff*